THE STATE EX REL. ROCK, Respondent, vs. TAYLOR, Appellant.

*October 14 — November 4, 1896.*

*Villages: Incorporation, validity of: Village* de facto: *Separation from town: Division of property:* Mandamus.

[1. Whether the validity of the incorporation of a village on the ground that the law under which the proceedings were had was unconstitutional can be questioned in *mandamus* proceedings to compel a county judge to appoint arbitrators to divide the common property between the village and the town under sec. 4, ch. 341, Laws of 1889, or whether the village could become a municipality *de facto* under such unconstitutional statute so as to maintain such a proceeding, not determined.]

2. A village incorporated since the enactment of ch. 341, Laws of 1889, cannot be considered an independent municipality from the town in which it is situate until said village and town have so determined by a separate majority vote of each as provided in said chapter, and the election of an assessor by the village will not be sufficient for that purpose.

3. Until such a determination has been had no proceedings can be maintained under sec. 4, ch. 341, Laws of 1889, to compel an appraisement and division of the common property.

APPEAL from a judgment of the circuit court for Columbia county: R. G. SIEBECKER, Circuit Judge. *Reversed.*

This was an application for a peremptory *mandamus.* Certain proceedings were instituted before the circuit court for Columbia county to incorporate as a village certain territory lying wholly within the town of Wyocena, in that county, to be known as the village of Pardeeville, pursuant to secs. 854–859, S. & B. Ann. Stats., and the acts amend-

atory thereof.   On the 28th day of December, 1894, the
circuit court made an order therein incorporating said vil-
lage pursuant to sec. 861, S. & B. Ann. Stats., and the acts
amendatory thereof.   On the 5th day of February, 1895, the
first village election was held in said village, for the pur-
pose of electing village officers, as required by the provisions
of secs. 867–869, S. & B. Ann. Stats., at which election all
the officers provided for by sec. 875, R. S., were elected, to-
gether with an assessor, as provided by ch. 391, Laws of
1887; and all of said officers duly qualified, and entered
upon the duties of their said offices; and it was claimed that
said village thereupon became separated from said town of
Wyocena.   On the 30th of March, 1895, the authorities of
said village and the said town of Wyocena, being unable to
agree upon the value of and division of the common prop-
erty, upon due notice applied, pursuant to the provisions of
sec. 4, ch. 341, Laws of 1889, to the defendant, *J. B. Taylor*,
county judge of said county, to appoint three arbitrators to
view, appraise, and fix the value of said common property
for the purpose of such division, as provided by said section;
but said county judge refused to appoint such arbitrators,
whereupon the relator, said *L. H. Rock*, president of the vil-
lage of Pardeeville, applied to the circuit court for a writ of
peremptory *mandamus* requiring and commanding the said
county judge to appoint three arbitrators as aforesaid.   The
said county judge insisted by way of answer that the provis-
ions of secs. 854–862, S. & B. Ann. Stats., under and by
virtue of which the said village of Pardeeville was claimed to
be an incorporated village, were unconstitutional, and that
said alleged village of Pardeeville and the said town of Wy-
ocena were not separate and independent municipalities,
and had not determined, under ch. 341, Laws of 1889, to be-
come such.

At the hearing the proceedings to incorporate the village
of Pardeeville were produced, and it was stipulated that at
the first election for village officers an assessor, with other

village officers, was declared elected, and that the said village of Pardeeville and the said town of Wyocena had not, by separate vote of each, determined to become separate and independent municipalities; and, further, that the papers and records of incorporation might be considered by the court, and that on such proceeding the county judge, defendant, might attack the validity of the incorporation proceedings as fully as upon a direct proceeding for that purpose. The circuit court held that the village of Pardeeville was legally incorporated, and that it was a separate and independent municipality, and gave judgment awarding a writ of peremptory *mandamus* as prayed for, from which the defendant appealed.

*W. S. Stroud*, for the appellant.

For the respondent there was a brief by *W. C. Williams* and *Henry W. Dunlop*, and oral argument by *Mr. Dunlop.*

PINNEY, J. Subsequent to the rendition of the judgment appealed from, in *In re Village of North Milwaukee*, 93 Wis. 616, this court held that the provisions of the statutes (secs. 854–866, S. & B. Ann. Stats.) for the incorporation of villages were unconstitutional and void. Whether, upon this proceeding by *mandamus*, it is open to the appellant to attack the validity of such proceedings for that reason, inasmuch as the relator, the president of the village, seeks, on its behalf, to establish a title in it to part of the common property by virtue of such proceedings, it is not necessary to determine, nor whether the village of Pardeeville could become a municipal corporation *de facto*, under such unconstitutional statute, and as such might sustain this claim to a *mandamus* for a division of the property in question. As there was no brief or argument on the part of the respondent, in view of the importance of these questions we decline to determine them on this appeal.

The circuit court committed a serious error in holding that the village of Pardeeville had become and was a sepa-

rate and independent municipality, although said village and the town of Wyocena had not, by a separate vote of each, determined to become such separate and independent municipalities, pursuant to secs. 1–3, ch. 341, Laws of 1889. This court has held, since the rendition of the judgment appealed from, in the case of *State ex rel. Nye v. Weingarten,* 92 Wis. 599, that a village incorporated since the enactment of ch. 341 of the Laws of 1889 cannot be considered an independent municipality from the town in which it is situate until said village and town have so determined by a separate majority vote of each as therein provided, and that the election by such village of an assessor will not suffice for that purpose. Until they have so determined, no proceeding can be maintained, under sec. 4 of the act, to compel an appraisement and division of the common property. For this reason, if it should be conceded that the village of Pardeeville became a municipal corporation *de jure* or *de facto,* the award of a peremptory *mandamus* cannot be sustained.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded to that court with directions to dismiss the proceedings.